UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL Q. PEACOCK,

    Plaintiff,

v.                                     Case No:   6:17-cv-1733-Orl-41TBS

PAUL JOHN BROOKS, GARRISON
PROPERTY AND CASUALTY
INSURANCE COMPANY and
PROGRESSIVE DIRECT INSURANCE
COMPANY,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Plaintiff's Motion to Modify Case Management Schedule (Doc. 24). Plaintiff asks the Court to extend, for "approximately a month," the deadline for the parties to conduct their initial case management conference (Id., at 1). The conference was supposed to occur within "45 days after service or appearance of any defendant" (Doc. 7 at 1). Defendant Garrison Property and Casualty Insurance Company filed its answer and affirmative defenses on November 6, 2017 (Doc. 10). Accordingly, the initial conference should have been held no later than December 20, 2017. The conference has not been held and the parties are in violation of the Related Case Order and Track Two Notice (Doc. 7). The motion is **DENIED** because no showing has been made why the initial conference was not conducted last year.

Federal Rule of Civil Procedure 6(b)(1)(B) provides that a court may extend time "on motion made after the time has expired if the party failed to act because of excusable

neglect." Deciding whether excusable neglect exists "requires an examination into whether the moving party had a good reason for not responding timely and whether the opposing party would be prejudiced." In re HealthSouth Corp. Sec. Litig., 334 F. Appx. 248, 253 (11th Cir. 2009) (holding that excusable neglect did not warrant enlargement of opt-out time). The relevant factors for excusable neglect are (1) the danger of prejudice, (2) the length of delay and its potential impact on the proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith. Id.; Walter v. Blue Cross & Blue Shield United of Wis., 181 F.3d 1198, 1201 (11th Cir.1999) (citing Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993)). The motion is **DENIED** because Plaintiff has failed to address these factors.

The ground for the motion is that the law firm representing Plaintiff has merged with another firm, and it is uncertain whether Plaintiff's current lawyer will stay on the case or if it will be reassigned to a different lawyer in the merged firm (Doc. 24, ¶¶ 3-5). The motion is **DENIED** because no motion to withdraw or substitute counsel has been filed and, unless and until the Court grants such a motion Plaintiff's current lawyer is counsel in this case.

**DONE** and **ORDERED** in Orlando, Florida on January 26, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties